## IN RE HOUSE BILL No. 165.

UNIFORMITY OF TAXATION — CONSTITUTIONAL LAW.— When the principal provisions of a bill with which the remaining provisions are inseparably connected in substance cannot be upheld as constitutional, the bill as a whole must be held invalid. A bill providing for public improvements by special taxes levied upon districts having territorial limits different from the municipal corporation levying the tax, and without limiting the rate of taxation or amount of indebtedness for such purposes, *held* unconstitutional. *Quære,* whether certain duties and responsibilities contemplated by the bill can be properly devolved upon district courts.

#### STATEMENT AND OPINION UPON FURTHER INQUIRY.

UPON the announcement of the foregoing opinion the honorable house of representatives made further inquiry concerning the constitutionality of House Bill No. 165, designating the following provisions of the constitution as bearing upon the subject, to wit: Section 3 of article 10; section 8 of article 11; section 35 of article 5; and section 1 of article 7.

The following synopsis of the bill is necessary to an understanding of the opinion: The bill provides, among other things, that the board of public works, city council or board of trustees of any incorporated town or city, or the board of county commissioners of any county, may establish and define the territorial boundaries of a district of land to be benefited by any public improvement, such as the establishing, widening, grading, paving or otherwise improving any road, street or alley, or the constructing, enlarging or completing of any bridge or viaduct, or the establishing or improving of any public park, of peculiar benefit to the lands lying within the territorial jurisdiction of such board or council, and in the vicinity of the proposed improvement.

That the district court of the county in which such district or proposed improvement or any part thereof is to be situated shall upon petition of such board or council, or of any persons interested, declare and constitute such district,

or several contiguous districts lying in different towns, cities or counties, a single public improvement district for the purposes in said order expressed, and shall give the same a suitable name or number.

That the district court shall call an election of certain property holders residing within said district for the purpose of voting upon the question of creating a bonded indebtedness wherewith to make the proposed improvement; the court to designate the time, place, and judges of said election.

Provision is made for giving notice of the election and the manner of conducting the same; that, if a majority of the votes shall be cast for the bonds, then the bonded indebtedness shall be considered as duly authorized; that the judges shall make a verified report of the proceedings of said election to the district court; and that the court may approve or disapprove the report of the judges, and, in case of disapproval, may order a new election.

Provision is also made for protesting against the approval of such report; but that, if it shall appear to the court, from such report or otherwise, that the proceedings at such election were substantially regular and fair, the court shall approve of said proceedings, and declare the location, nature, character and uses of the proposed improvement, and further declare what amount of bonded indebtedness, if any, was duly authorized at said election; and in case the improvement district includes territory lying within the corporate limits of different towns, cities or counties, the court is required to apportion the indebtedness between them.

The bill also provides for the issue of district improvement bonds by the town, city or county in convenient denominations, payable out of revenues to be derived from special taxes to be levied and assessed on all the taxable property in said improvement district by the proper board or boards of county commissioners; that such bonds shall constitute a lien upon such of the lands lying within such public improvement district as are also within the territo-

rial jurisdiction of the corporate body issuing the same; and that it shall be the duty of the county commissioners of such county, and of each county in which said public improvement district, or any part thereof, is situated, annually to levy and assess a special tax on all the·taxable property within said county and district for the payment of the interest or principal to accrue during the next calendar year according to the tenor and effect of said bonds. The collection of said special taxes for the use aforesaid by the county treasurer is also provided for.

PER CURIAM. Upon further request for an opinion as to the constitutionality of House Bill No. 165, specific inquiries relating to several sections of the constitution in connection with the proposed enactment have been submitted. We have been favored with a brief argument *ex parte* in support of the constitutionality of the proposed measure. Upon consideration of the various matters involved in the questions submitted, we are of the opinion that the principal provisions of the bill, with which the remaining provisions are inseparably connected in substance, cannot be upheld as constitutional; and hence the answer to the legislative inquiry must be that the bill as a whole is unconstitutional. Cooley, Const. Lim. p. 178.

In addition to the constitutional objections indicated by the specific inquiries, it has been suggested as doubtful whether certain of the duties and responsibilities contemplated by the bill can properly be devolved upon the district courts. See Const. arts. 3, 6.